EFILED Document
CO Boulder County District Court 20th JD
Filing Date: Sep 27 2012 09:57AM MDT
Filing ID: 46677656
Review Clerk: N/A

| | |
|---|---|
| DISTRICT COURT, BOULDER COUNTY, COLORADO<br>1777 Sixth Street<br>Boulder, CO 80306 | |
| **Plaintiff:**<br>REAL GOODS SOLAR, INC., a Colorado corporation,<br><br>v.<br><br>**Defendants:**<br>RESPON SOLAR D/B/A RESPONSIBLE SOLAR, a California business entity, ANDY OOMS, an individual, and DOES 1 through 20, inclusive. | ▲ COURT USE ONLY ▲ |
| Attorneys for Plaintiff: REAL GOODS SOLAR, INC.<br><br>Name(s): Richard B. Benenson, #32566<br>Christine A. Samsel, # 42114<br>Sangeetha Mallavarapu, #42376<br>Address: BROWNSTEIN HYATT FARBER SCHRECK, LLP<br>410 Seventeenth Street<br>Twenty-Second Floor<br>Denver, Colorado 80202-4437<br>Phone: 303.223.1100<br>FAX: 303.223.1111<br>E-mail: rbenenson@bhfs.com<br>csamsel@bhfs.com<br>smallavarapu@bhfs.com | Case Number: 12CV907<br><br>Div.: 2 |
| **TEMPORARY RESTRAINING ORDER<br>AND ORDER PERMITTING EXPEDITED DISCOVERY** | |

THIS MATTER comes before the Court on a Motion for Temporary Restraining Order, Preliminary Injunction Hearing, and Expedited Discovery (the "**Motion**") by Plaintiff Real Goods Solar, Inc. ("**Real Goods Solar**"). The Motion seeks an Order from the Court prohibiting Defendants Respon Solar d/b/a Responsible Solar ("**Respon Solar**") and Andy Ooms ("**Ooms**," and collectively, "**Defendants**") from all activities that violate the valid Nondisclosure Agreement between Ooms and Real Goods Solar, as well as all activities that violate applicable law.

After consideration of the Motion and the Verified Complaint and Jury Demand, the Court determines that:



EXHIBIT B

1. Pursuant to Rule 65 of the Colorado Rules of Civil Procedure, Plaintiff Real Goods Solar has the express right to seek temporary injunctive relief from a court of competent jurisdiction pending hearing before a judge;

2. The rights of Real Goods Solar with respect to its property, proprietary and confidential trade secret information and competitive interests are being threatened by Defendants in connection with their misappropriation of Real Goods Solar's confidential information and Defendants' apparent violations of the Nondisclosure Agreement and applicable law;

3. Real Goods Solar will suffer irreparable harm and loss if Defendants are permitted to retain misappropriated trade secret and confidential information belonging to Real Goods Solar and to continue to convert the trade secrets and other confidential information of Real Goods Solar to Defendants' own personal use and benefit. Defendants' actions will damage Real Goods Solar's position in the highly competitive solar industry, its existing customer base and contractual relations, its prospects for future client development, and its long-term ability to generate revenue. Greater injury will be inflicted upon Real Goods Solar by the denial of temporary injunctive relief than would be inflicted upon Defendants by the granting of such relief.

4. Real Goods Solar has no plain, speedy and adequate remedy at law;

5. The balance of equities favors the injunction;

6. Real Goods Solar has demonstrated a reasonable probability of success on the merits, and that this injunction will preserve the status quo pending resolution of the case on the merits.

Plaintiff is therefor entitled to a temporary restraining order against Defendants.

**IT IS HEREBY ORDERED AND DECREED THAT:**

1. A Temporary Restraining Order issue immediately;

2. Real Goods Solar shall either:

   a. not be required to post a bond, or in the alternative

   b. post a bond in the amount of $ _25,000_ , in the form of a _Cashier's Check_ duly issued by a bank chartered by either the United States government or the State of Colorado, to be deposited with the Clerk of the Court no later than the _28th_ day of September 2012.

2

    3.      Defendants, jointly and severally, shall post a bond in the amount of $_____, in the form of a _____ duly issued by a bank chartered by either the United States government or the State of Colorado, to be deposited with the Clerk of the Court no later than the ____ day of September 2012.

    4.      Defendants and each of them are enjoined and restrained, directly or indirectly, and whether acting alone or in concert with others (including any officer, agent, representative or employee), from this date until further Order of this Court, as follows:

        a.      Defendants are enjoined and restrained from using, deleting, destroying, erasing or altering any information obtained from Real Goods Solar, whether during Ooms' employment therewith or thereafter;

        b.      Ooms is enjoined and restrained from providing Respon Solar with any information obtained from Real Goods Solar, whether acquired during or after the term of his employment with Real Goods Solar;

        c.      Defendants are enjoined and restrained from providing any third party with information obtained from Real Goods Solar through Ooms;

        d      Defendants are enjoined and restrained from contacting any customers or prospective customers of which they learned through Ooms' relationship with Real Goods Solar, whether during or after the term of Ooms' employment therewith; and

        e.      ~~Ooms is enjoined and restrained from working as an employee or as a consultant for Respon Solar or any other competitor of Real Goods Solar for a period of one year from the date of this Order.~~

[Handwritten margin note: "There is an issue re: whether the Nondisclosure Agreement constitutes a non-compete covenant and, if so, whether it is enforceable, in that plaintiff has not met its burden with respect to this subparagraph 4.e."]

    5.      Defendants and each of them, and anyone acting in active convert or participation with Defendants who receives actual notice of this Order (including any agent, employee, officer or representative of Respon Solar), are further ordered to do the following, within seven (7) days of the date of this Order:

        a.      return all electronic and hard copies of all Real Goods Solar data and documents in their possession, custody or control, including all summaries, notes, copies and compilations thereof, in whatever form or format;

        b.      provide copies of all information of or pertaining to Real Goods Solar, or its customers, potential customers and employees, residing in any format on and in any and all of their electronic equipment and accounts, including, but not limited to, personal electronic devices, computer equipment and elsewhere, including but not limited to computer data, electronic mail records, files on personal digital assistants, cell phones, external hard drives, USB drives, memory sticks, and any other equipment in their possession, custody or control. This includes, but is not limited to, all electronic mail, voicemail messages, memoranda,

3

documents, folders, files, notes, records, reports, manuals, source codes, programs, other data, customer lists, and contact information for customers and prospective customers;

        c.    retain and preserve pending the outcome of this matter all information of or pertaining to Real Goods Solar, or its customers, potential customers and employees, residing in any format on and in any and all of their electronic equipment and accounts, including, but not limited to, personal electronic devices, computer equipment and elsewhere, including but not limited to computer data, electronic mail records, files on personal digital assistants, cell phones, external hard drives, USB drives, memory sticks, and any other equipment in their possession, custody or control. This includes, but is not limited to, all electronic mail, voicemail messages, memoranda, documents, folders, files, notes, records, reports, manuals, source codes, programs, other data, customer lists, and contact information for customers and prospective customers;

        d.    provide a complete list of all customers and prospective customers contacted by Defendants or either of them, as well as the date such contact was initiated and whether that contact resulted in a sale for Defendants or either of them; and

        e.    certify under penalty of perjury their full compliance with the foregoing paragraphs 5(a), 5(b), 5(c) and 5(d).

    6.    This Temporary Restraining Order shall expire on _____, 2012 unless within such time the Order, for good cause, is extended by this Court.

    7.    Real Goods Solar is granted leave to commence discovery of Defendants and each of them immediately in aid of preliminary injunction proceedings before the Court. Specifically, interrogatories and requests for production may be propounded on Defendants immediately. Discovery will be expedited so that Defendants will have seven calendar days to respond to interrogatories and requests for production. Also, Real Goods Solar may take the deposition of Ooms and anyone else revealed during Oom's deposition to have pertinent information may be taken upon five calendar days' notice.

    8.    Defendants shall show cause before this Court on __1st__ day of __October__, 2012 at _1:30_ o'clock _p_ m., or as soon thereafter as counsel by be heard, why a Preliminary Injunction should not be ordered according to the terms and conditions set forth above.

Dated this __27th__ day of September 2012.

BY THE COURT:

_____
District Court Judge